# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

Frances Jean-Louis

424 East Roosevelt Boulevard

Philadelphia, PA 19120

*Full name(s) of Plaintiff(s)*

v.

Comcast Cable Communication

Management LLC

*Full name(s) of Defendant(s)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

CIVIL ACTION
NO._____

This action is brought for discrimination in employment pursuant to (check only those that apply):

> **X**     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
> ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

> _____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
> ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

> _____ Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
> ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

> **X**     Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

-1-

**NOTE:** *In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.   Do the same for any additional plaintiffs named.   Attach additional sheets of paper as necessary.

Plaintiff         Name: Frances Jean-Louis
                 Street Address: 424 East Roosevelt Boulevard
                 County, City: Philadelphia
                 State & Zip: PA 19120
                 Telephone Number: 2154218688

B.      List all defendants' names and the address where each defendant may be served.   Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page.   Attach additional sheets of paper as necessary.

Defendant       Name: Comcast Cable Communication Management LLC
                 Street Address:
                 County, City: Philadelphia
                 State & Zip: PA 19102
                 Telephone Number:

C.      The address at which I sought employment or was employed by the defendant(s) is:

                 Employer: Comcast Cable Communication
                 Street Address:                          700 Dresher Road
                 County, City:                 Horsham
                 State & Zip:                  PA 19044
                 Telephone Number: 610-234-3384

**II.     Statement of the Claim**

A.      The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

         _____   Failure to hire me

         _X___   Termination of my employment

         _X___   Failure to promote me

-2-

_____ Failure to reasonably accommodate my disability

_____ Failure to reasonably accommodate my religion

__X__ Failure to stop harassment

_____ Unequal terms and conditions of my employment

__X__ Retaliation

__X__ Other (*specify*): Stalking_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.    It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) July_____, (day)_____, (year) 2014_____.

C.    I believe that the defendant(s) (check one):

    __X__ is still committing these acts against me.
    _____ is **not** still committing these acts against me.

D.    Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

    __X__ race _____    _____ color _____

    _____ religion _____    __X__ gender/sex _____

    _____ national origin _____

    _____ age    My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.    The facts of my case are as follow (*attach additional sheets of paper as necessary*):

Please view Amended Agreement that was presented to Jams_____
_____
_____
_____
_____
_____
_____
_____

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III.  Exhaustion of Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: <u>January 15,2016</u> (*Date*).

B.    The Equal Employment Opportunity Commission (*check one*):

_____  has not issued a Notice of Right to Sue Letter.
<u>X</u>  issued a Notice of Right to Sue Letter, which I received on <u>April 28, 2016</u> (*Date*).

**NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C.    *Only plaintiffs alleging age discrimination must answer this question.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

_____  60 days or more have passed.
_____  fewer than 60 days have passed.

D.    It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: <u>Case no. 201605604</u> (*Date*).

E.    Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

<u>X</u>  One year or more has passed.
_____  Less than one year has passed.

## IV.    Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

\_\_\_\_    Direct the defendant to hire the plaintiff.

\_\_\_\_    Direct the defendant to re-employ the plaintiff.

\_\_\_\_    Direct the defendant to promote the plaintiff.

\_\_\_\_    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

\_\_\_\_    Direct the defendant to reasonably accommodate the plaintiff's religion.

\_\_\_\_    Direct the defendant to (*specify*):_____

_X_\_\_    If available, grant the plaintiff appropriate injunctive relief, lost wages,

liquidated/double damages, front pay, compensatory damages, punitive damages,

prejudgment interest, post-judgment interest, and costs, including reasonable

attorney fees and expert witness fees.

_X_\_\_    Other (*specify*): Cease all respondents' agents,employees, or contractors from making contact w/ use

of its telecommunication networks.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this  18  day of  August        , 20 20 .

Signature of Plaintiff    *Frances Jean-Louis*
Address

424 East Roosevelt Boulevard
Philadelphia, PA 19120

Telephone number    215-421-8688
Fax number (*if you have one*)

| | |
|---|---|
| Frances Jean-Louis | |
|         Claimant, | |
|    v. | |
| Comcast Cable Communication Management LLC, | Civil Action. No. 16-3961 |
|        Respondent | |

**Re: Request for District Court to Overturn Jams Award**

A request to overturn an arbitrator's final award is being requested in part due to inherent bias toward the respondent's in handling arbitration breech throughout the arbitration. This case was to be presented in Judicial District Court when the Respondent's legal team apprised the Court of the arbitration waiver the Claimant signed on date of hire. Every new hire was bound to this arbitration clause. On February 5, 2021, Jams sent Comcast an invoice ahead of scheduled preliminary hearing with instructions that this invoice amount had to be paid before proceeding into the hearing. On the day of the hearing on April 26, 2021, after closing arguments, the arbitrator, Jerry P. Roscoe, said two crucial statements, one, the Claimant had failed to prove its claim and secondly, reminded the legal team of the Respondent to make a payment.

A month after, May 25, 2021, Jerry P. Roscoe, alerted the parties that a decision was ready with a transcript, but the decision could not be released until the final invoice had been paid. The same day the Claimant, sent a Motion to move this arbitration to District Court citing, In Cien v. Barna (2012)206 Cal. App. 4th 1383, a failure of nonpayment waived the right to arbitrate. "We humbly request that this consideration is given ahead of any decisions that would prevent the matter being looked at because of lack of jurisdiction" A week later, a Petition and Motion was sent to all parties requested to move the hearing to District Court and that all evidence be preserved without prejudiced.

A full three weeks went by before a payment was received into Jams and a final award was given to the Respondent. We are humbly requesting that the District Court overturn the final award and recognize the arbitration breech through the two Motions and Petition filed into Jams with proof of service to the other parties. Jerry P. Roscoe failed to acknowledge an Amended Complaint that reflected new rule changes in Title VII made in 2013 in regards to cyberbullying and stalking in the hearing and final decisions. Jerry P. Roscoe had a duty to eliminate any inherent bias by not allowing the Respondent to proceed without payment. Jerry P. Roscoe should have acknowledged the petition and motion and move this case to District Court to avoid any bias. Since, it was the Respondent's iron clad arbitration clause that facilitated Jams proceedings and abrupt removal from District Court on February 24, 2017. This case would have been finalized years ago in a District Court before the pandemic.

Respectfully submitted this 18th day of August 2021,


Frances Jean-Louis


*Frances, Jean-Louis*
**PRO SE**

JAMS ARBITRATION

| | |
|---|---|
| Frances Jean-Louis | |
| Claimant, | |
| v. | |
| Comcast Cable Communication Management LLC, | JAMS Reference No. 1450005578 |
| Respondent | |

AMENDED COMPLAINT

## I.   JURISDICTION

1.     This action is brought  pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.SC. § 2000e, et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended 1991, pursuant to 28 U.S.C. § 1331. Additionally, Duties to Employers and Employees under Occupational Safety and Health Administration, OSHA, of 1970, 29 U.S. as amended 2013, Code § 654. Claimant's claim under the Pennsylvania Human Relation Act, 43 Pa. Cons.Stat.Ann § 951 et seq, as amended 1991, and Pennsylvania's Wage Payment Collection law, 43 P.S. § 260.1 et seq. are before JAMS pursuant to supplemental jurisdiction, 28 U.S.C. § 1367. The amount in controversy, exclusive of interest and costs, exceeds $150,000.

2.     Claimant filed her EEOC charge at Docket No. 530-2016-01093 on or about February 20, 2016, which was dual filed with the Pennsylvania Human Relation Commission. On or about April 28, 2016, the EEOC issued the Claimant a Right to Sue

Letter. On or about April 3, 2017, Charlene A. Barker, of Obermayer Rebmann Maxwell & Hippel, LLP apprises Court and Claimant of Arbitration clause on date of hire, May 12, 2014. Henceforth, the docket is removed from Court.

II.     PARTIES

3.   Claimant Frances Jean-Louis is an adult black female residing at 424 East Roosevelt Boulevard, Philadelphia, 19120. At all times relevant to this action, she was employed by Respondent.

4.   Respondent Comcast Corporation named as Comcast Cable Communication Management LLC in the complaint is an employer doing business as700 Dresher Road, PA Respondent is an employer within the meaning of the applicable legislation cited herein.

III.    FACTS

5.   Claimant began working for Respondent on or around May 12, 2014 as Technician support for business customers. Claimant was in training class to learn Comcast Business products and services .Live calls were observed for introduction greetings, closing, greetings, and business products entries and requests. Emphasis was placed on accuracy of customer requests, product entries into database, and pricing. Call length, a metric of Respondent was not observed in training class. Accuracy and resolving calls on the first calls took precedence over all else.

6.   After training class Claimant is separated from the training class, she is placed on the calling center floor. After a few weeks there are no complaints of accuracy or incorrect pricing. After two months on the floor, Claimant is referred to by senior management as the 'Lolita of Comcast.' Claimant is left entirely on her own, supervisor requests and response time is exceeds 15 to 20 minutes. This time exceeds the call length metric of the Respondent. During this short period of time on the floor, other call center operators began repeating what management was telling them, that the Claimant will be gone. The supervisor before Ray Hiscott is abruptly on leave. The pattern of behavior of management of slow to respond to supervisor request continues. Several calls lasted over 30 minutes which  exceeds Respondent's metrics. Male techs from the Claimant's training class were being told to get off the phone and given techniques to achieve Respondent's metrics. After 90 days, true to what management was telling others on the floor, the Claimant is placed on a performance improvement plan, under supervisor Ray Hiscott.


7.   After a quarter, the Claimant is placed under team lead, Joseph Tepper .where she  is the only one on her team and on the entire floor on day of question written-up for calling a customer back. Management makes an announcement to the entire floor that there are entirely too many outbound calls made for a calling center. The write-up is never reduced to a warning since the entire calling center was doing it. The Claimant is not removed from the PIP despite changing metrics from Respondent. As a consequence the Claimant is moved to night shift.

8.   Claimant writes to HR to high-light the discrepancy in salary pay versus expected salary pay on date of hire. The Respondent has changed its metrics twice; thereby, having the Claimant do more for less in less time.  Claimant is told that the salary expectation given on date of hire is based on performance.

9.   Claimant is placed under team lead, Kate Colson. Claimant  is given voice training to  create, delete, modify phone lines. Claimant is not taken off the PIP during this time, but it is extended. Claimant is told she could use personal cell phone to test phone lines in training  class and does so on the calling center floor.  In a routine test, Claimant test a phone line for customer to see calls can get through. Once the error is resolved, someone at Respondent's location calls Claimant on her person cell phone while on the floor. The comments made after the fact, is that the Claimant shouldn't have used the her cell phone. It is now apparent to Claimant that her cell phone is being monitored by Respondent in addition to the desktop phone  In addition,  exception reports were not submitted under Kate Colson that would  allow Claimant to test phone lines as part of her job although requested each and every time there was a reason for not taking calls. Other voice-trained techs, males, on the team had their requests approved. Claimant, at this point, is resolving connectivity issues, upgrading T.V.  packages, upgrading faster internet speeds, submitting title tax exempt requests for universities, and resolving phone issues. Claimant is still on the performance improvement plan with higher metric change.

10. Claimant is at a Cherry Hill LA Fitness Gym and is recorded in the Sauna. This video clip goes viral on the calling center floor. Respondent's management team has failed to block or filter this video clip from being viewed by more people on the calling center floor.

11.  On or around August 2015, Claimant sells personal Respondent's shares to pay for expenses. The transaction takes place away from the Respondent's location. The next day, Call Centers Managers are  aware of  the transaction. They talk freely about the matter regardless of anyone paying attention to their communications.

12.  Claimant is placed under team lead, Andrew Berry. Claimant observes two things Andrew Berry does not respond to any or all supervisor request escalation calls and Andrew Berry does not put in an exception report (time Claimant needs to resolve phone issues off the phone). These calls are Respondent's business customers demanding to speak with a  supervisor despite all attempts to explain or rectify the call. This was confirmed by Respondent's assigned mentor, Jeff , that worked with Claimant. Once again, call time exceeds 30 minutes the minimum is now eight minutes. In addition, personal paid time off from work are not timely approved. Claimant's personal paid time are submitted one hour block of time off on Fridays. This gives Claimant's an opportunity to destress with high inflammatory escalations calls which are too routine to ignore. Every Friday, Claimant can expect to deal with supervisor's request calls to skew metrics. Claimant has now created or modified Domino's Pizza phone lines, other various pizza places and multiple business units phone lines with success. In addition with other; aforementioned, job tasks. Claimant is not

removed from the PIP.

13. Despite Claimant's performance, Respondent's continued to have Claimant on a performance improvement plan.

14.  Similarly situated coworkers did not work as long to complete all task assigned.

15. Claimant is treated with less dignity and respect than similarly situated employees.

16. Claimant observes male counterparts advancing in pay and are using techniques not permitted by Claimant.

17. Claimant observed a multiple phone lines correctly pointed and tested undone by another operator that skews metrics.

18. Similarly situated white employees with less than favorable metrics are not placed on a PIP within 90 days of hire.

19. During Andrew Berry's leadership, Claimant also observed recurring soft credit checks made into Claimant's financial institution, Freedom Credit Union. Every Monday when Claimant arrives at her station, a review of financial transaction is performed on Claimant by the supervisors of team leads. Claimant regularly uses her credit card in the cafeteria of the Respondent's location. Claimant contacts Freedom Credit Union who then refers Claimant to the regional center in Virginia, who then confirms with Claimant by stating, 'Get an Attorney.'

20. During Andrew Berry's leadership, Claimant would use personal paid time

off take a short drive to designated area approximately 10 minutes away. Claimant would observe Respondent's employees tracking Claimant's location to disclose.

21. Claimant's phone calls are being used as tools for instructions on various training classes by various training team supervisor to train the newly hired.

22. Claimant applies to Respondent's positions online and is barred from career advancement despite holding dual Bachelor Degrees.

23.  Claimant complains to Earleen Bethel of Comcast Listen to investigate nuances of the metrics, what was happening under Team Lead Andrew Berry about a host of issues listed and over-reach of power.

24. On or around December Claimant is alerted her Freedom Credit Union account is closed because a purchase was made for T.V. and internet for several hundreds dollars. The charge was deemed fraudulent.

25. On the pretext of "poor performance, Claimant was discharged  from employment on or around January 4, 2016 with police escort. Claimant's arm was forcibly pulled by a manager and her handbag was rifled through by the same manager.


## COUNT I

### CLAIMANT'S CLAIMS UNDER TITLE VII OF THE
### CIVIL RIGHTS ACT OF 1944, AS AMENDED 1991,
### 42 U.S.C. §2000 et seq.


26.  Allegations contained in paragraph 1 through 25 above are incorporated

herein as it set forth in full.

27.  Claimant was subjected to a racially hostile and offensive working environment comprised of unwelcome abuses and disparate treatment based upon her gender and race.

28. After reporting the illegal disparate treatment and harassment, nothing was done to prevent further harassment and disparate treatment based on gender and race.

29. Claimant was subjected to racially hostile and offensive working environment comprised of disparate treatment in the form of failure to submit exception, compliance approvals, privacy intrusions, and failure to remove Claimant from a PIP.

30. Respondent's conduct in unlawfully retaliating against Claimant for opposing racial harassment and/ or disparate treatment was deliberate and violated Civil Rights Act of 1964, as amended 1991, and has caused Claimant to suffer economic harm, emotional distress, anxiety, sleeplessness, loss of weight, and stress.

WHEREFORE, Claimant demands judgment in her favor and against Respondent for compensatory and punitive damages in an amount in excess of Two Hundred Thousand Dollars (200.000); plus cost of this action; reimbursement of back pay, front pay, interest, attorney fees, and such other legal and equitable relief as Jams may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### CLAIMANT'S CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED 1991, 42 U.S.C. § 1981

31. Allegations contained in paragraph 1 through 25 above are incorporated herein as if set forth in full.

32. Section 1981 guarantees to all persons the right to make and enforce contracts, including performance, modifications, and termination as well as enjoyment of all benefits, privileges, terms, and conditions of thee contractual relationship.

33. In May, 2014, Claimant entered into a written employment contract with Respondents.

34. Claimant relied on Respondent's express and implied representation of good faith and fair dealing in the employment relationship, in reasonable anticipation and belief that she would be treated fairly and equitably and would enjoy the same opportunity for the benefits, terms, and conditions of employment as other employees.

35. The terms of the employment contract entered included but are not limited to the following:

    a.   equal opportunity for raises as provided to other employees.

    b.   fair and equitable treatment on a daily basis by Respondent and its agents, servants, and employees, without insults, intimidation or harassment.

    c.   Lack of racial/gender bias against them on the part of management employees and corporate officials.

36. In good faith reliance upon Respondent's promises as aforesaid, Claimant put forth her best efforts and performed all jobs duties assigned to them in a satisfactory fashion and fulfilled all her job duties and tasks.

37. Despite Claimant's best efforts, Respondent's agents, servants, and employees and management officials embarked on a course of racial humiliation, degradation, and embarrassment intended to destroy Claimant's self-esteem and self-confidence. Claimant was denied similar terms, privileges, and conditions of the contractual employment relationship as other employees.

38. After Claimant complained to Human Resources about her unfair treatment, Respondents failed to properly investigate and correct Respondent's illegal conduct based upon impermissible gender and race-based decision making.

39. After opposing Claimant's unlawful disparate treatment based upon gender and race, Claimant was discharged from employment.

WHEREFORE, Claimant demands judgment in her favor and against Respondent in amount in excess of Two Hundred Thousand  Dollars ($200,000) for compensatory damages, punitive damages, pluse cost of suit, attorney fees, interest, and such other legal and equitable relief as the JAMS may deem, just proper, and appropriate in the circumstances

of this case.

## COUNT III

**CLAIMANT'S CLAIMS OSHA OF 1970,**
**AS AMENDED 2013,**
**29 U.S.C. § 654**

40. Allegations contained in paragraph 1 through 25 above are incorporated herein as it set forth in full.

41. The Occupational Safety and Health Administration defines "workplace violence" as "violence or the threat of violence against persons or property," and includes assault, bullying, intimidation, domestic violence, stalking, sexual harassment, hate crimes, physical abuse, emotional abuse, or other conduct that jeopardizes an employee's personal safety. With recent developments in technology, workplace violence has expanded to include cyber-bullying, cyber-stalking, and other forms of on-line harassment.

42. Section 654 guarantees the workplace is free from hazards that would jeopardizes someone's physical and emotional well-being.

43. Claimant is experiencing stalking on and off the job. The Respondent does not make any move to ensure the safety of personnel information or the physical safety of the Claimant.

44. There was no circumstance necessary for the Claimant to receive acts of

violence on her last day of work or any workplace hazards aforesaid.

45. The Respondent and all its servants, agents, agency, employees has failed to keep the workplace free from hazards that would jeopardizes Claimant's physical and emotional well-being.

## COUNT IV

**CLAIMANT'S CLAIMS UNDER THE PENNSYLVANIA
HUMAN RELATION ACT, AS AMENDED 1991
43 PA.CONS.STAT.ANN. §951, ET SEQ.**

46. Allegation contained in paragraph 1 through 45 above are incorporated as if set forth in full.

47. Pennsylvania Human Relations Act, 43 P.S. §951 et seq., prohibits race discrimination in the form of disparate treatment.

48. The egregious nature of Respondent's conduct entitles Claimant to additional damages under Pennsylvania law.

49.  43 P.S. §955(d) makes it unlawful for any person or employee to discriminate in any manner against any individual because such individual has opposed any practice forbidden by the PHRA, or because such individual has made a charge under the PHRA.

50. Respondent discharged Claimant due to Claimant's opposing unlawful discrimination.

WHEREFORE, Claimant demands judgment in her favor and against Respondent in amount in excess of Two Hundred Thousand Dollars (200,000) for back-pay,

compensatory damages, plus costs of this action, interest, attorney fees, and such other legal and equitable relief as this JAMS may deem just, proper, and appropriate under the circumstances of this case.

## COUNT V

## CLAIMANT'S CLAIM UNDER PENNSYLVANIA'S WAGE PAYMENT COLLECTION LAW
### 43.P.S.§ 260.1 et seq.

51. Allegations contained within paragraph 1 through 50 above are incorporated herein as if set forth in full.

52. Under section 260.3, overtime wages are wages earned and should have been paid in the next succeeding pay period.

53. 43 P.S. §260.5 states whenever an employer separates an employee from the payroll, the wages, or compensation earned shall become due and payable not later than the next regular payday of the employer.

54. In violation of section 260.5 all wages due and owing should have been paid not later than the next regular payday of Respondent. To date, Respondent has failed to pay Claimant her due and owing overtime wage payments.

55. Despite being a salaried manager as of May 12.2014, Claimant's job duties do not qualify as an Administrative, Executive or Professional exemption under the Federal Labor Standard Act.

WHEREFORE, Claimant demands judgment in her favor and against Respondent in an amount in excess of $200,000 for liquidated damages, attorney fees, costs, and such other legal and equitable relief as JAMS may deem proper and appropriate in the circumstances of this case.

Respectfully submitted,

Date:  February 23, 2021

*Frances Jean-Louis*

Frances e Jean-Louis
PRO SE



**COMMONWEALTH OF PENNSYLVANIA**
Human Relations Commission
333 Market Street, 8th Floor
Harrisburg, PA 17101-2210
(717) 787-4410 voice
(717) 787-7279 TTY
www.phrc.state.pa.us

April 25, 2017

Frances Jean-Louis
424 East Roosevelt Boulevard
Philadelphia PA 19120

RE:    Frances Jean-Louis v COMCAST
       Case No. 201605604
       EEOC No. 530-2016-01093

Dear Frances Jean-Louis:

This letter will notify you that the Pennsylvania Human Relations Commission (PHRC) has closed the above referenced case for the following reason(s):

[  ]   The facts you allege fail to state a claim under the PHRAct.
[  ]   Your complaint was not timely filed with the PHRC.
[  ]   You failed to provide requested information or otherwise failed to cooperate with the PHRC to the extent that the Commission has been unable to resolve your charge.
[  ]   The PHRC has made reasonable efforts to locate you and has been unable to do so. You had at least 30 days to respond to a notice sent to your last known address.
[  ]   The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received notice of this settlement offer.
[X]   Based upon the Commission's (EEOC) investigation, the PHRC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
[  ]   You filed a civil action in state or federal court.
[  ]   Your case was closed administratively.

Enclosed is a Notice of Complainant's Rights. The Pennsylvania Human Relations Act also affords the complainant and the respondent the opportunity for comments after the final disposition of the complaint. If you wish to make written comments regarding the complaint, please send them to the Director of Enforcement, at the above address. Your comments will be provided to Commission members.

Very truly yours,

JoAnn L Edwards
Executive Director

JLE:IF

Enclosure

Luk M3 & ADM - C

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Frances Jean-Louis
     424 East Roosevelt Boulevard
     Philadelphia, PA 19120

From:  Philadelphia District Office
       801 Market Street
       Suite 1300
       Philadelphia, PA 19107

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-01093 | Legal Unit,<br>Legal Technician | (215) 440-2828  x 262 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

- NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Spencer H. Lewis, Jr.,
District Director

4/28/16
(Date Mailed)

cc:  David Brier
     Assistant General Counsel
     COMCAST CABLE COMMUNICATIONS, INC
     One Comcast Center
     1701 John F. Kennedy Boulevard
     Philadelphia, PA 19103



# OBERMAYER

### REBMANN MAXWELL & HIPPEL LLP

ATTORNEYS AT LAW

Charlene A. Barker
215-665-2924
Charlene.barker@obermayer.com

Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3000
Fax  215-665-3165
www.obermayer.com

February 24, 2017

**VIA TELECOPIER – 267-299-5067**

The Honorable Juan R. Sánchez
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Room 11614
Philadelphia, Pennsylvania 19106-1797

Re:    **Frances Jean-Louis v. Comcast Cable Communications Management LLC**
**Civil Action No. 16-3961**

Dear Judge Sánchez:

This office represents Defendant, Comcast Cable Communications Management LLC (misidentified in the above-referenced Complaint as "Comcast").  Enclosed please find a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(b) as the parties have agreed to resolve this matter through arbitration.

As Plaintiff is pro se, I have enclosed a confirmatory email received from Plaintiff indicating her willingness to attend arbitration.

Respectfully,

Charlene A. Barker

Charlene A. Barker

cc:    Frances Jean-Louis (via email and regular mail)

JAMS ARBITRATION

| | |
|---|---|
| Frances Jean-Louis | |
| Claimant, | |
| v. | |
| Comcast Cable Communication Management LLC, | JAMS Reference No. 1450005578 |
| Respondent | |

## **ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of Claimant's petition to move arbitration to court trial pursuant 28 U.S.C. §1291, citing the Respondent waived its right to arbitrate by its failure to pay. It is requested all evidence be preserved including sworn testimonies and that any statute of limitation be stayed until the outcome of court proceedings.  It is hereby

ordered and decreed

that the petition to move to court proceedings without prejudice against the Claimant..

BY:

_____
Jerry P. Roscoe
Arbitrator

**<u>PROOF OF SERVICE</u>**

I hereby certify that a true and correct copy of the order  was served upon all counsel of record on

this date by electronic mail on May 27, 2021 addressed as follows:

**Sara E. Hoffman Ivill**
**Buchanan Ingersoll & Rooney** PC
Associate
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3672 (o)
 sara.hoffman@bipc.com

**Charlene A. Barker Gedeus Esq.**
**Buchanan Ingersoll & Rooney** PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3672 (o)
Charlene.gedeus@bipc.com

BY:     *Frances Jean-Louis*
_____
Frances e Jean-Louis
PRO SE

JAMS ARBITRATION

| | |
|---|---|
| Frances Jean-Louis | |
| Claimant, | |
| v. | |
| Comcast Cable Communication Management LLC, | JAMS Reference No. 1450005578 |
| Respondent | |

## Claimant Motion for Future Trial

It is requested since the Respondent has waived its own arbitration clause by failure to pay arbitration fees, a future trial be granted without prejudice against the Claimant. We ask the arbitrator cite any tolling and statute of limitation be stayed until a new civil trial be granted.

In *Cien  v. Barna (2012)206 Cal. App. 4th 1383,* a failure of nonpayment waived the right to arbitrate. We humbly request that this consideration is given ahead of any decisions that would prevent the matter being looked at because of lack of jurisdiction.

BY:

_____

Jerry P. Roscoe
Arbitrator

## PROOF OF SERVICE

I hereby certify that a true and correct copy of documents requests were served upon all counsel

of record on this date by electronic mail on May 25, 2021 addressed as follows:

**Sara E. Hoffman Ivill**
**Buchanan Ingersoll & Rooney PC**
Associate
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3672 (o)
 sara.hoffman@bipc.com

**Charlene A. Barker Gedeus Esq.**
**Buchanan Ingersoll & Rooney PC**
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3672 (o)
Charlene.gedeus@bipc.com

BY:   *Frances Jean-Louis*
_____
Frances e Jean-Louis
PRO SE

**JAMS ARBITRATION**

Frances Jean-Louis
424 E Roosevelt Blvd.
Philadelphia PA  19120
*Claimant*

V                                                                  JAMS Reference No. 1450005578

Comcast Cable Communications
 Management, LLC
*Respondent*

**Request for Appeal Panel Review To Overturn Award**

A request to overturn an arbitrator's final award is being requested in part due to inherent bias toward the respondent's in handling arbitration breech throughout the arbitration.  This case was to be presented in Judicial District Court when the Respondent's legal team apprised the Court of the arbitration waiver the Claimant signed on date of hire.  Every new hire was bound to this arbitration clause. On February 5, 2021, Jams sent Comcast an invoice ahead of scheduled preliminary hearing with instructions that this invoice amount had to be paid before proceeding into the hearing. On the day of the hearing on April 26, 2021, after closing arguments the arbitrator, Jerry P. Roscoe, said two crucial statements, one, the Claimant had failed to prove its claim and secondly, reminded the legal team of the Respondent to make a payment.

A month after, May 25, 2021, Jerry P. Roscoe, alerted the parties that a decision was ready with a transcript, but the decision could not be released until the final invoice had been paid. The same day the Claimant, sent a Motion to move this arbitration to District Court citing, In Cien v. Barna (2012)206 Cal. App. 4th  1383, a failure of nonpayment waived the right to arbitrate. "We humbly request that this consideration is given ahead of any decisions that would prevent the matter being looked at because of lack of jurisdiction" A week later, a Petition and Motion was sent to all parties requested to move the hearing to District Court and that all evidence be preserved without prejudiced.

A full three weeks went by before a payment was received into Jams and a final award was given to the Respondent. We are humbly requesting that Jams Appeal Panel overturn the final award and recognize the arbitration breech through the two Motions and Petition filed into Jams with proof of service to the other parties.  Jerry P. Roscoe handled himself with integrity throughout this hearing,

but the Respondent and its legal team did not. Jerry P. Roscoe had a duty to eliminate any inherent bias by not allowing the Respondent to proceed without payment.  Jerry P. Roscoe should have acknowledged the petition and motion and move this case to District Court to avoid any bias. Since, it was the Respondent's iron clad arbitration clause that facilitated Jams proceedings. This case would have been finalized years ago in a District Court before the pandemic.


Respectfully submitted this 29th day of June 2021,


Frances Jean-Louis


*Frances, Jean-Louis*
PRO SE

# JAMS ARBITRATION
## Final Award and Order of Dismissal


Frances Jean-Louis
424 E Roosevelt Blvd.
Philadelphia PA 19120
Claimant

JAMS Reference No. 1450005578


Comcast Cable Communications
  Management, LLC
Respondent


### Final Award and Order of Dismissal

This Final Award and Order of Dismissal issues pursuant to hearing of this matter on April 26, 2021. This matter raised allegations regarding Claimant's employment and termination on January 4, 2016. A Demand for Arbitration was filed with JAMS on April 26, 2018. The parties had several years to conduct discovery and prepare for hearing of this matter. Claimant had been represented by two counsel but appeared at the hearing *pro se*.

By 2021, it became apparent to the arbitrator that little work had been done to prosecute Claimant's case. With only a few months until the hearing, Claimant made a valiant effort to finalize discovery and present her case *pro se*. The arbitrator's pre-hearing orders were crafted to permit Claimant to prosecute her case without unduly disadvantaging Respondent.

During pre-hearing conferences, the arbitrator made repeated references to the Claimant's burden of proof and her concomitant responsibility to establish a *prima* facie case alleging discrimination and retaliation in order to shift the burden of articulating legitimate, non-discriminatory reasons to Respondent. Claimant is highly intelligent and there was never any indication that there was a lack of understanding of the rules of arbitration.

Early in the hearing of this matter, it became clear that Claimant's fundamental allegation of unfair treatment was based on her misinterpretation of the algorithm used to measure objective performance criteria. Her simple mathematical error rendered any conclusion of unfair treatment unsupported by evidence.

Just as importantly, the witnesses called by Claimant offered no testimony to support her allegations. Respondent's witnesses had been made known to Claimant, but Claimant chose not to call them in her case. At the close of Claimant's case in chief, she was reminded of her burden. When Respondent made a dispositive motion, Claimant was placed on notice that the arbitrator had received insufficient evidence to deny Respondent's motion. When Claimant nonetheless rested her case in chief, and Respondent chose to call no witnesses, the evidence before the arbitrator at that point compelled the granting of Respondent's motion.

Accordingly, the arbitrator hereby finds that this matter is and was dismissed, with prejudice, on April 26, 2021, when Respondent's dispositive motion was granted.

Per the arbitrator's intra hearing order, the Hearing of this matter closed May 24, 2021, upon submission of the hearing transcript.

This Final Award and Order of Dismissal resolves all matters brought before the arbitrator.

Respectfully Submitted this 26th day of May, 2021,

By

Jerry P. Roscoe
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Jean-Louis, Frances vs. Comcast Cable Communications Management, LLC
Reference No. 1450005578

I, Hunter Hollis, not a party to the within action, hereby declare that on June 14, 2021, I served the attached Final Award on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Philadelphia, PENNSYLVANIA, addressed as follows:

Joseph J Centeno Esq.
Charlene A. Barker Gedeus Esq.
Sara E. Hoffman Esq.
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA  19102
Phone: 215-665-8700
joseph.centeno@bipc.com
charlene.gedeus@bipc.com
sara.hoffman@bipc.com
    Parties Represented:
    Comcast Cable Communications Management, LLC

Ms. Juanita Martin
Comcast Cable Communications Management, LLC
1701 John F Kennedy Blvd
Philadelphia, PA  19103
Phone: 215.286.7635
Juanita_Martin@comcast.com
    Parties Represented:
    Comcast Cable

M. Frances Jean-Louis
424 E Roosevelt Blvd.
Philadelphia, PA  19120
Phone: 215.421.8688
fjeanlw@yahoo.com
    Parties Represented:

I declare under penalty of perjury the foregoing to be true and correct. Executed at Philadelphia, PENNSYLVANIA on June 14, 2021.

Hunter Hollis
HHollis@jamsadr.com

**Hunter Hollis** <hhollis@jamsadr.com>
To: joseph.centeno@bipc.com,  charlene.gedeus@bipc.com,  Juanita_Martin@comcast.com,  fjeanlw@yahoo.com,
sara.hoffman@bipc.com

Mon, Jun 14 at 6:11 PM

Counsel,

Please see attached document – **Final Award** with Proof of Service.

A hard copy will follow via regular mail shortly.

Regards,

Hunter



**Hunter R. Hollis**
Senior Case Manager

**JAMS** - *Local Solutions. Global Reach.*<sup>TM</sup>

1717 Arch Street | Suite 3810 | Philadelphia, PA 19103

P: 215-709-3512 | F: 215-246-0949

**www.jamsadr.com**

Manage your case anytime, anywhere. **Register now for JAMS Access**.